IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00244-PAB

ARTURO D. ARMIJO,

    Applicant,

v.

T.K. COZZI-RHODES, Warden,

    Respondent.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] filed by applicant Arturo D. Armijo. The Court will construe the application liberally because Mr. Armijo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

**I. BACKGROUND**

Mr. Armijo is a prisoner in the Federal Correctional Institute (FCI) at Florence, Colorado. On June 27, 2011, a correctional officer at FCI-Florence completed an incident report regarding intoxicants in Mr. Armijo's cell. The incident report provided in pertinent part as follows:

> On June 21, 2011 while conducting the Official 12:00 am count in Mesa Bravo, I came to cell 111, I smelled what seemed to be homemade intoxicants. The cell is occupied by inmates Moreno register number 32585-044 and Armijo register number 31309-051. Upon the completion of the 5:00 am count Officer Brewton, Lt. Shatto and myself conducted a

> cell search and found approximately 2 gallons of homemade intoxicants tied to the back of an inmate chair covered with a blanket in the common area. The intoxicants w[ere] tested at 6:20 am with a reading of .357 and tested again at 6:35 a.m. with a reading of .357.

(Docket No. 1, at 11). Mr. Armijo was provided a copy of the incident report on June 27, 2011. A disciplinary hearing officer ("DHO") held a hearing on July 19, 2011 on the charge of possession of intoxicants. Mr. Armijo declined to have a staff representative at the hearing. (Docket No. 1, at 13). Before the hearing, applicant requested one witness – his cell mate, Rodrigo Moreno. *Id.* At the hearing, the DHO read a statement by Mr. Moreno. *Id.* at 19, § III.2. Applicant accepted the written statement from Mr. Moreno in lieu of the inmate being called as a witness at the hearing. On July 25, 2011, the DHO issued a written report finding that Mr. Armijo had violated the prison code prohibiting the possession of intoxicants. *Id.* at 19-21, at § IV and V. The DHO imposed punishment consisting of, *inter alia*, the loss of 14 days of good time. *Id.* at 21, § VI. In his application, Mr. Armijo seeks to have the good time credit restored because he contends that his due process rights and equal protection rights were violated. *Id.* at 5, 9.

## II. LEGAL STANDARD

A § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A § 2241 petition may challenge the deprivation of good-time credits and other prison disciplinary matters where the challenged action affects duration of the inmate's sentence. *Id.* at 811-12.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks and citation omitted)). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). There is no dispute in this case that these requirements were met.

Mr. Armijo, however, challenges the sufficiency of the evidence against him. To comport with due process, there must be *some* evidence to support a disciplinary conviction. *Hill*, 472 U.S. at 454. "Ascertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

## III.  ANALYSIS

### A.  Due Process Claim

The DHO considered the correctional officer's incident report which stated that a large container was discovered in Mr. Armijo's cell from which emanated a strong odor of intoxicants.  The report further states that the contents of the container were tested and contained alcohol.  The Court finds that the correctional officer's incident report, together with the doctrine of "constructive possession" constituted "some evidence" supporting the discipline in this case.

"In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located."  See *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir.1992).  "The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical."  *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992), citing *Hill*, 472 U.S. at 456-57 (three inmates seen fleeing from the scene of an assault), and *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (contraband found in locker shared by two inmates).  The Tenth Circuit has expressly condoned the constructive possession doctrine to support a prison disciplinary conviction.  See *Howard*, 487 F.3d at 812 (concluding that where incident report indicated that contraband was found among the petitioner's legal papers confiscated during the time of his detention, there was "some evidence" to support the disciplinary sentence on a theory of constructive possession) (citing *Hamilton*).  "Constructive possession principles" apply unless there

is "exculpatory evidence that makes the finding of petitioner's 'possession' so unreliable as to not satisfy the minimum constitutional standard that some reliable evidence supports the disciplinary decision." *Thompson v. Hawk*, 978 F. Supp. 1421, 1423 (D. Kan. 1997).

Mr. Armijo denies knowledge of the intoxicants and believes that his oral statement to the DHO and his cell mate's written statement provided at the hearing were not properly credited by the DHO.[1] However, the fact that a cell mate accepts full responsibility for contraband discovered in a shared cell does not necessarily preclude a determination of constructive possession. *See Mason*, 898 F.2d at 679 (upholding disciplinary decision based on constructive possession rule where petitioner's cell mate claimed sole responsibility for possession of contraband pajamas in their shared locker); *Miskovsky v. Franklin*, No. 08-6005, 285 F. App'x 570, 571 (10th Cir. Aug. 4, 2008) (unpublished) (upholding prison disciplinary conviction based on constructive possession, despite evidence that the petitioner's cell mate allegedly confessed to possession of the contraband items found in the light fixture of a cell that the petitioner shared with another inmate); *Flannagan v. Tamaz*, 368 F. App'x 586, 588 (5th Cir. 2010) (unpublished) (noting that cell mate's confession to placing contraband in the cell common area "would not preclude the DHO's finding of constructive possession."); *Giles v. Hanks*, 72 F. App'x 432, 433-34 (7th Cir. 2003) (unpublished) (upholding

---

[1]Mr. Armijo also submits a statement from his cell mate dated after the disciplinary hearing. *See* Docket No. 1, at 35. The Court does not consider this statement because it was not presented to the DHO. The Court notes, however, that the information in the statement is essentially the same as that provided to the DHO at the time of the hearing.

disciplinary decision based on constructive possession rule where inmate claimed sole responsibility for contraband items).

The DHO specifically found that the statements made by Mr. Armijo and his cell mate were not credible, given the large size of the container that was tied to a chair and the strong odor emanating therefrom. The federal habeas court does not review the DHO's credibility determinations. *See Hill*, 472 U.S. at 455-56. It was reasonable for the DHO to conclude that Mr. Armijo must have known about the intoxicants, but did not report the intoxicants to correctional officials, and, therefore, that he was equally responsible for the contraband's presence in the common area of the cell.

Accordingly, the Court finds that Mr. Armijo's due process rights were not violated in the prison disciplinary hearing because there was some evidence to support the DHO's decision that resulted in the forfeiture of good time credits.[2]

### B. Equal Protection Claim

Mr. Armijo also claims that the disciplinary conviction violated his equal protection rights. (Docket No. 1, at 5). Although he does not elaborate on this claim in his Application, he asserts in his Reply that "in other instances at this facility, before and after this incident, DHO has accepted the Responsibility of the incident by one (1) inmate and dismissed for the other." (Docket No. 18, at 4).

---

[2]Mr. Armijo also contends that the DHO relied on the statement of a confidential informant to find him guilty of the disciplinary code violation without informing applicant about the contents of the alleged statement. (Docket No. 1, at 3-4, 7). This assertion is without merit as the DHO Report states specifically that the DHO did not consider a statement from a confidential informant. *See* Docket No. 1 at 19, § III.E. Mr. Armijo does not offer any facts to demonstrate otherwise.

The Fourteenth Amendment's equal-protection guarantee applies to the federal government through the Fifth Amendment's Due Process Clause. *See Jurado–Gutierrez v. Greene*, 190 F.3d 1135, 1152 (10th Cir. 1999) (citing *Schweiker v. Wilson*, 450 U.S. 221, 226 & n. 6 (1981)). The Equal Protection Clause requires that the government treat all similarly situated persons alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

Mr. Armijo does not allege any specific facts to show that he was treated differently than other similarly-situated inmates. Further, even if Mr. Armijo had demonstrated some similarities between him and other inmates, he cannot show that the other inmates are similar in every relevant respect. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (observing that the prisoner's claim "that there are no relevant differences between [him] and other inmates that reasonably might account for their different treatment is not plausible or arguable"); *see also Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (citing *Templeman*). As such, Mr. Armijo fails to assert a threshold equal protection violation.

## IV. CONCLUSION

Accordingly, it is ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is DENIED and this case is DISMISSED with prejudice. It is further

ORDERED that all pending motions are denied as moot.

DATED November 20, 2012.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge